1  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian, Esq. (SBN: 249203)
2  ak@kazlg.com
   Mona Amini, Esq. (SBN: 296829)
3  mona@kazlg.com
   245 Fischer Avenue, Unit D1
4  Costa Mesa, California 92626
   Telephone: (800) 400-6808
5  Facsimile:  (800) 520-5523

6  *Attorneys for Plaintiff,*
   Danny Allen

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10 | DANNY ALLEN, individually and on behalf of all others similarly situated, | Case No.: **'20 CV 2252 AJB LL**
11 |
12 |          Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**
13 |     vs.
14 |
15 | LVNV FUNDING, LLC,
16 |          Defendant. | **JURY TRIAL DEMANDED**
17 |

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

- 1 -
CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff DANNY ALLEN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant LVNV FUNDING, LLC ("Defendant" or "LVNV") in negligently and/or knowingly contacting Plaintiff, without prior express consent, on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

## NATURE OF THE ACTION

2. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

3. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201, *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

5. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

8. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

9. "The Federal Government receives a staggering number of complaints about robocalls---3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. American Association of Political Consultation,* 591 U.S. ___ (2020).

10. Congress has specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S. Ct. at 744.

11. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014)..

12. The United States Court of Appeals for the Ninth Circuit held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*,

No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

13. Most recently, the United States Supreme Court articulately captured our country's sentiment in July 2020 stating, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. American Association of Political Consultation*, 591 U.S. ___ (2020).

14. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

15. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

16. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

17. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

18. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b) because this case arises from violations of the federal law.

19. Because Defendant conducts business within the State of California, personal jurisdiction is established.

20. At all times relevant, Defendant conducted business within the State of California.

21. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;
   (b)   does substantial business within this district;
   (c)   is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,
   (d)   the harm to Plaintiff occurred within this district.

## PARTIES

22. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (3).

23. Defendant is a limited liability company formed under the laws of the State of Delaware and is headquartered in Greenville, South Carolina. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39). Defendant is a debt collector which routinely engages in mass communication practices in attempts to collect on alleged debts and regularly conducts business in the State of California and within this judicial district.

## FACTUAL ALLEGATIONS

24. Defendant is a debt collector which routinely engages in mass communication practices in attempts to collect on alleged debts. Unfortunately, Defendant often initiated telephonic communications with consumers without having the requisite prior express consent to do so in violation of the TCPA.

25. Defendant routinely makes calls using an artificial or prerecorded voice message (often referred to as "robocalls") and places unsolicited calls without prior express consent utilizing equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator without the need for human intervention.

26. Beginning sometime in or around March 2020, Defendant began contacting Plaintiff on his cellular phone number ending in "7893" related to an alleged debt claimed to be owed by Plaintiff. The "7893" number was obtained by Plaintiff only a few months before these calls from Defendant began, and the "7893" number was never provided by Plaintiff to Defendant the creditor that placed, assigned, or otherwise transferred the alleged debt to Defendant. Accordingly, Plaintiff never provided Defendant or its predecessor with prior express consent to receive autodialed calls or calls with prerecorded messages to his cellular phone number ending in "7893."

27. On March 23, 2020, at approximately 10:55 a.m. PST, Defendant placed a call to Plaintiff's cellular telephone number ending in "7893." The call appeared to come from Defendant's phone number (951) 524-6443.

28. The following day, on March 24, 2020, at approximately 12:13 p.m. PST, Defendant placed another call to Plaintiff's cellular telephone number ending in "7893." The call appeared to come from Defendant's phone number (951) 524-6545.

29. These unsolicited phone calls placed to wireless telephone were made using an artificial or prerecorded voice message and/or placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to consumers' cellular phones.

30. The cellular phone number Defendant placed the calls to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

31. The calls to Plaintiff's cellular phone each constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff did not provide Defendant and/or its agent with prior written express consent to receive calls using an artificial or prerecorded voice or unsolicited calls made via an ATDS to Plaintiff's cellular phone pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. These unsolicited telephonic communications by Defendant and/or its agent violated 47 U.S.C. § 227(b)(1).

34. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant had obtained and called Plaintiff's cellular phone number without his consent.

36. Defendant's telephonic communications forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

37. The TCPA was intended to give individuals control over how and where they receive telephonic communications.  When Defendant makes such unsolicited calls without obtaining prior express consent, it fails to address or respect the limitations imposed by the TCPA. In doing so, Defendant invades Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA, and will continue to do so unless Plaintiff and the Class are granted redress.

38. Through the above conduct, Defendant violated 47 U.S.C. §§ 227, et seq.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action individually and on behalf of all others similarly situated ("the Class").

40. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received a call placed by Defendant and/or its agent(s) to said person's cellular telephone through the utilization of any automatic telephone dialing system and/or an artificial or pre-recorded voice, without said person's prior express written consent within the four years prior to the filing of this action.

41. Defendant and its employees and/or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system and/or an artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

    b) Whether Defendant can meet its burden of showing it obtained and had valid prior written express consent (i.e., consent that is clearly and unmistakably stated);

    c) Whether Defendant's conduct was knowing and/or willful;

    d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

    f) Whether Plaintiff and the Class are entitled to any other relief.

46. As a person who received at least one unsolicited telephone call from Defendant without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, ET SEQ.**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

53. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff and each member of the Class are entitled to an award of $500.00 in

- 11 -
CLASS ACTION COMPLAINT

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and each member of the Class are entitled to an award of treble damages, as provided by statute, of $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- An order certifying this case as a Class Action on behalf of the Class as defined above, appointing Plaintiff as the Class Representative and appointing Plaintiff's counsel as Class Counsel;
- An order declaring that Defendant's conduct, as alleged above, was in violation of the TCPA;
- Injunctive relief requiring Defendant to cease all unsolicited telephonic communications to Plaintiff and the Class and prohibiting Defendant from

   using, or contracting the use of, an automatic telephone dialing system ("ATDS") without obtaining the recipient's prior express consent to receive such telephonic communications via the use of such equipment;

- An award of reasonable attorneys' fees and costs to Plaintiff's counsel pursuant to, inter alia, California Code of Civil Procedure § 1021.5;
- Post-judgment interest; and
- Any other relief the Court may deem just and proper.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///

### DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America and Federal Rule of Civil Procedure 38(b), Plaintiff on behalf of himself and the Class demands a trial by jury on all claims so triable.

Dated: November 18, 2020

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Abbas Kazerounian*
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
*Attorneys for Plaintiff*